COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:     In the Interest of D.W, A Child

Appellate case number:   01-15-01045-CV

Trial court case number: 14-CP-0057

Trial court:             306th District Court of Galveston County

This is an accelerated appeal from a judgment in a suit in which the termination of the parent-child relationship is at issue for both parents of the child, D.W. ("parental termination case"). The clerk's record was filed on December 17, 2015, and the reporter's record was filed on December 27, 2015. *See* TEX. R. APP. P. 28.4(b). Thus, the appellants' briefs are due by January 19, 2016. *See id.* 38.6(a)(1). On January 12, 2016, appointed counsel, Julia C. Hatcher, for the father, S.W., filed a motion for a first extension of time to file the appellant's brief and docketing statement, requesting a thirty-day extension from January 19, 2016, until February 18, 2016.

Appeals in parental termination cases are to be brought to final disposition within **180 days** of the date the notice of appeal is filed, so far as reasonably possible. *See* TEX. ST. JUD. ADMIN. R. 6.2(a) (West Supp. 2015). The first notice of appeal was filed on December 7, 2015, in the trial court, by counsel for the mother, C.E., Veronique Cantrell-Avloes, setting the 180-day compliance deadline for June 6, 2016. The second notice of appeal was filed on December 8, 2015, by appointed trial counsel for S.W., Diane D. Clark. Both notices of appeal were timely filed after the trial court signed the order of termination on December 7, 2015. *See* TEX. R. APP. P. 26.1(b). Appellants have established indigence or are presumed indigent. *See id.* 20.1(a). Although counsel for appellant S.W.'s motion contains a certificate of service on the appellee, the accelerated schedule in parental termination cases requires greater compliance with briefing deadlines and greater scrutiny of extension requests.

Appellant S.W.'s counsel contends that an extension is needed because although she was appointed by the trial court on December 30, 2015, she only received notice of

her appointment on January 5, 2016, due to the holidays.  Also, counsel claims that she just spoke to her client on January 12, 2016, because he is incarcerated in the Erie County Jail in Pennsylvania.  In addition, among other reasons, counsel states that she has started reading the reporter's record, but needs additional time to review the clerk's record, which she has yet to receive.  Because appellant S.W.'s counsel asserts that an extension is necessary here, in part, since she was recently appointed, her client is incarcerated out of state, and she has yet to receive the clerk's record, her extension request complies with Rule 10.5(b).  *See* TEX. R. APP. P. 10.5(b)(1)(C), 38.6(d).

Accordingly, the appellant S.W.'s motion for an extension of time to file appellant S.W.'s docketing statement until January 13, 2016, and appellate brief is **GRANTED until February 18, 2016, but no further extensions will be granted absent extraordinary circumstances**.  *See* TEX. R. APP. P. 38.6(d).  If appellant S.W.'s brief is not filed by February 18, 2016, this case may be abated for the trial court to hold a hearing and appellant S.W.'s appointed counsel, Julia C. Hatcher, may be required to show cause why she should not be relieved of her duties after a finding of good cause is rendered by the court on the record.  *See* TEX. FAM. CODE ANN. § 107.016(2) (West Supp. 2015).

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
                ☑ Acting individually     ☐ Acting for the Court

Date:  January 13, 2016